# SUPREME COURT.

In the matter of the application of the ATTORNEY-GENERAL agt. THE ATLANTIC MUTUAL LIFE INSURANCE COMPANY.

*Life insurance company — Receiver — Laws of 1869, chapter 902.*

Where it appears to the satisfaction of the court that the assets and funds of a life insurance company are not sufficient to justify the further continuance of the business of insuring lives, granting annuities and incurring new obligations, the act (*Laws of* 1869, *chapter* 902) is *imperative* as to the duty of the court to enjoin the company from the further prosecution of its business, and to appoint a receiver of all the assets and credits of the company.

*Ulster Special Term, July,* 1877.

APPLICATION by the attorney-general for a receiver, pursuant to chapter 902 of Laws of 1869.

*Rosendale & Sweeny,* for attorney-general.

*Smith & Barnes,* for company.

*George L. Steadman,* for policyholders.

WESTBROOK, *J.* — When the evidence taken upon this examination was closed at Albany, on the twenty-fourth day of May last, it was conceded that whilst the above-named company was solvent as to its creditors and policyholders, the capital was so far impaired that it was not wise or prudent for it to continue business unless an additional sum of $50,000 was added thereto.

To enable the stockholders to pay in this sum, the proceeding was adjourned to the last Tuesday of June last. The following is a part of the conversation which then occurred between the president of the company and the court, as evidenced by the notes of the stenographer, and which took place after the suggestion by the court that the above-named sum should be added to its capital:

The COURT — "Do you say, Mr. Pruyn, that you have no doubt that this arrangement will be completed?"

Mr. PRUYN — "Not the least, your honor, because I saw the largest number of stockholders, and they are prepared to do it, and will do it."

The proceeding was then adjourned to the last Tuesday of June, 1877, and has been further adjourned to this day. No part of the capital has been made up, and the court is satisfied that the stockholders desire not to continue the business, but to wind up the affairs of the corporation. To enable them to do so, the court is asked to enjoin the issuing of new policies, and to allow the officers of the company to close and settle its estate.

It is due to such officers to state that there is no distrust felt by the court in their integrity, and that the application is denied principally for want of power. Section 7 of chapter 902 of the Laws of 1869 expressly declares, "in case it shall appear to the satisfaction of the said court that the assets and funds of said company are not sufficient to justify the further continuance of the business of insuring lives, granting annuities and incurring new obligations, as authorized by its charter, then the said court shall issue an order enjoining and restraining said company from the further prosecution of its business, and shall also appoint a receiver of all the assets and credits of said company."

The inability of the company safely to incur "new obligations" is admitted by the application, and such concession makes it imperative for the court to act.

The uncertain condition of the company would also jeopar-

dize the interests of policyholders, who would doubtless allow policies to lapse, and then the shareholders would be benefited at the expense of those who are first to be protected.

The court entertains no doubt of the good faith of Mr. Pruyn in his promise and assurance that the capital could be promptly made up. The conversation is not repeated to reflect upon him, but solely to justify the court in its present action, which is reluctantly taken, after affording the company every opportunity to avoid such a result.

The attorney-general will prepare the necessary order, and suggestions as to the receiver will be received prior to Friday next.